AO 241 (Rev. 12/04)

Page 2

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Middle of Alabama |
|---|---|
| Name (under which you were convicted): Corey Brown | Docket or Case No.: 2:08-CV-48-MH |
| Place of Confinement: Easterling Correctional Center | Prisoner No.: 185851 |
| Petitioner (include the name under which you were convicted) Corey Brown | v. Respondent (authorized person having custody of petitioner) State of Alabama |
| The Attorney General of the State of Alabama  Troy King | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   Circuit Court of Jefferson County

   (b) Criminal docket or case number (if you know): CC-04-4937.60

2. (a) Date of the judgment of conviction (if you know): 2-8-2005

   (b) Date of sentencing: 3-18-05

3. Length of sentence: 20 split 40 months to serve 65 years

4. In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:
   Burglary in the third degree

6. (a) What was your plea? (Check one)
   ☑ (1) Not guilty      ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty          ☐ (4) Insanity plea

AO 241 (Rev. 12/04)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Circuit Court of Jefferson

(b) Docket or case number (if you know): CC-04-4937

(c) Result: Writ Denied; Summary Denial

(d) Date of result (if you know): 2-8-05

(e) Citation to the case (if you know): CC 04 4937

(f) Grounds raised: I. Denial of Effective Assistance of Counsel; failure to object to trial court not swearing in Jury Venire; II. Constitutional rights to Effective Assistance of trial Counsel, forbidden him to testify on his own behalf; III. Failure of Atty. Ed Reynolds to show fight started on porch; Defense failed to produce one witness; failure to raise ineffectiveness of counsel based upon the facts of this case was denial of effective Assistance

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

If yes, answer the following:

(1) Name of court: Court of Criminal Appeals State of Alabama

(2) Docket or case number (if you know): CR-06-1602

(3) Result: The judgment of the Circuit Court is due to be affirmed.

(4) Date of result (if you know): Oct 26, 2007

AO 241 (Rev. 12/04)

Page 4

(5) Citation to the case (if you know): CR-06-1002

(6) Grounds raised: I. Whether the Trial Court Abused it's discretion when it denied Appellants Rule 32 Petition when Facts and evidence substantiate that Trial Counsel denied Appellant effective Assistance of Counsel when he failed to object to the trial court not Swearing in the jury; II. Trial Counsel rendered ineffective when Forbade Appellant from testifying in his behalf; III. During Opening Statement defense averred during the fight these two men fell into Apartment. IV. Appellate Counsel was ineffective in violation of Due Process of Law

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): 1070317

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Supreme Court of Alabama

(2) Docket or case number (if you know): 1070317

(3) Date of filing (if you know): 11-19-2007

(4) Nature of the proceeding: Petition for writ of Certiorari

(5) Grounds raised: (1) Basis of Petition for writ is that Appellate Court incorrectly initially construed controlling provisions of the 6th Amend. to U.S. Const. Whether the Appellate Court erred in holding that he was not denied effective assistance of trial + Appellate Counsel; (2) Basis of this Petition for the writ is that the decision is in conflict with prior decisions of the Court of Criminal Appeals and Supreme Court of Alabama. Petitioner made strong argument demonstrating that he was in fact denied effective assistance of trial + Appellate Counsel; was ineffective for failing to object when jury venire was not sworn Prior to service; Counsel was ineffective because he refused to allow Brocento testify on his own behalf; counsel was ineffective for failing to call Tanisha Hobson to testify on his behalf and Appellate Counsel was ineffective for failing to raise the ineffective assistance of trial counsel claims discussed above.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes  ☒ No

(7) Result: Petition for writ of certiorari is denied

(8) Date of result (if you know): January 11-2008

AO 241 (Rev. 12/04)

Page 5

(b) If you filed any second petition, application, or motion, give the same information:

   (1) Name of court:

   (2) Docket or case number (if you know):

   (3) Date of filing (if you know):

   (4) Nature of the proceeding:

   (5) Grounds raised:

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

   ☐ Yes   ☐ No

   (7) Result:

   (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

   (1) Name of court:

   (2) Docket or case number (if you know):

   (3) Date of filing (if you know):

   (4) Nature of the proceeding:

   (5) Grounds raised:

AO 241 (Rev. 12/04)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☐ Yes   ☐ No

(2) Second petition:  ☐ Yes   ☐ No

(3) Third petition:   ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Whether Trial Court Abused it's discretion when it denied Appellant's Rule 32 Petition when the facts and evidence substantiate that Trial Counsel denied Appellant Effective Assistance of Counsel when he failed to object in Jury Venire

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
At the trial of Mr. Brown trial counsel failed to object to the trial court not swearing in the Jury Venire. The record is silent as to any oath administered to the Jury Venire.

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241                                                                                                                   Page 7
(Rev. 12/04)

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes   ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☑ Yes   ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state: Alabama

    Type of motion or petition: Ala. R. Crim. PR. 32 Proceeding

    Name and location of the court where the motion or petition was filed:
    Jefferson Circuit Court

    Docket or case number (if you know): CC-04-4937.60

    Date of the court's decision: June 14-2006 / Rule 32 Petition Denied 2-8-07

    Result (attach a copy of the court's opinion or order, if available): Not Available

    (3) Did you receive a hearing on your motion or petition?    ☐ Yes   ☑ No

    (4) Did you appeal from the denial of your motion or petition?    ☑ Yes   ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:
    Ala. Court of Criminal Appeals

    Docket or case number (if you know): CR-06-1002

    Date of the court's decision: OCT- 26, 2007

    Result (attach a copy of the court's opinion or order, if available): See Petitioners Exh- "A"

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241     Page 8
(Rev. 12/04)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: In The Supreme Court of Alabama 1070317.

**GROUND TWO:** Trial Counsel had no right to tell Appellant that he could not testify in his own behalf.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
At the trial of Mr. Brown, trial counsel advise that he could not testify in his own behalf. Trial counsel stated to him that if he did testify he would leave the court, leaving him to represent himself. The Appellants testimony was relevant.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**
   (1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No
   (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**
   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
   ☑ Yes ☐ No
   (2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: Same as Ground one [Supra]:
Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): Same as Ground one [Supra]:
Date of the court's decision: Same as Ground one [Supra]:

※AO 241
(Rev. 12/04)                                                                                                           Page 9

Result (attach a copy of the court's opinion or order, if available): _See Petitioner's Exhibit "A"_

(3) Did you receive a hearing on your motion or petition?   ☑ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state: _Court of Criminal Appeals_

Name and location of the court where the appeal was filed: _Court of Criminal Appeals State of Alabama_

Docket or case number (if you know): _CR-06-1002_

Date of the court's decision: _Oct. 26, 2007_

Result (attach a copy of the court's opinion or order, if available): _See Petitioners Exh. "A". Judgment of the Circuit Court "Affirmed". Court abused its discretion determining issues, facts and reaching a decision on the basis of that evidence. Denied equal Protection of the Laws. US Const. Amend. 14; in Appellate Review Process._

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _Alabamas highest State Court "Supreme Court of Alabama" The Complete history in short; as found in the record. Such determinations, review by Appellate Courts, trial Courts discretion, determinations are wholly inconsistent with the Facts and Circumstances before the Court. Any "unreasonable, unconscionable or arbitrary action taken without proper consideration of facts, law,_

**GROUND THREE:** _During opening Statement Defense Attorney Ed Reynolds made this averment, Pertinent in Part; (A) Infra"_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_" We will show that the fight that is in Question between Casey Brown and Royrecus Edwards took place on the porch at his residence. During the fight these two men fell into this apartment You are talking about a very small porch, very small area. You have two individuals engaged in a fight, the door was never broken open. The door was opened and this man was on the front Porch and this man approached him —_

AO 241 (Rev. 12/04)                                                                                           Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)   **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d)   **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☑ Yes   ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 32 Petition

Name and location of the court where the motion or petition was filed:
In The Circuit Court, Tenth Judicial Circuit, Jefferson County, Alabama Criminal Division

Docket or case number (if you know): CC-04-492760

Date of the court's decision: 2-8-05

Result (attach a copy of the court's opinion or order, if available): See Petitioner's Exh. "A"

    (3) Did you receive a hearing on your motion or petition?   ☑ Yes   ☐ No

    (4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Court of Criminal Appeals, State of Alabama

Docket or case number (if you know): CR-06-1002

Date of the court's decision: Oct. 26-2007

Result (attach a copy of the court's opinion or order, if available): See Petitioner's Exh. "A"

AO 241  
(Rev. 12/04)

Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: Alabama Supreme Court Petition for Writ of Certiorari

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Atty. Charles Amos Thompson, denied the Petitioner effective assistance on direct appeal. Where he failed to raise issue I and III of this instant Rule 32 Petition in his motion for new trial. (c. 41), on direct appeal, under ineffective assistance of Trial Counsel. Record trial proceedings is silent to venire being sworn. Hence, as discussed in issue I of this petition. Failure of his trial counsel to object was ineffective. Another fact Attorney Thompson was well informed by the petitioner, that Tanisha Rena Hobson, his baby's mother had personally observed what actually happen on the day in question as discussed in issue II, of this instant petition. Fact Atty. Reynolds failed to produce one witness, raise ineffectiveness was denial of.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?  
☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  
Ala. Court of Criminal Appeals: [Appeal from Jefferson Circuit Court]

AO 241 (Rev. 12/04)                                                                                                                    Page 12

Name and location of the court where the motion or petition was filed:
Alabama Court of Criminals

Docket or case number (if you know): CR-06-1602

Date of the court's decision: Oct. 26, 2007

Result (attach a copy of the court's opinion or order, if available): See Petitioners Exh. "A"

(3) Did you receive a hearing on your motion or petition?                    ☒ Yes   ☐ No
(4) Did you appeal from the denial of your motion or petition?               ☒ Yes   ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Alabama Supreme Court

Docket or case number (if you know): 1041791; 1070217;

Date of the court's decision: Feb. 10, 2006; Jan. 11, 2008;

Result (attach a copy of the court's opinion or order, if available):
See Petitioner's Exh. "A".

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: Petition for Writ of Certiorari In The Alabama Supreme Court.

AO 241                                                                                                                             Page 13
(Rev. 12/04)

13.     Please answer these additional questions about the petition you are filing:

      (a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☑ Yes   ☐ No

            If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

      (b)     Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☒ Yes   ☒ No

            If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☑ No

            If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: Attorney Reynolds

    (b) At arraignment and plea: Attorney Reynolds, Edd

    (c) At trial: Attorney "Edd" Reynolds

    (d) At sentencing: Attorney "Ed" Reynolds

    (e) On appeal: Attorney Charles Amos Thompson

    (f) In any post-conviction proceeding: Pro-Se

    (g) On appeal from any ruling against you in a post-conviction proceeding: Pro-Se

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes   ☑ No

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241 (Rev. 12/04)                                                                                           Page 15

## Certificate of Service

Corey Brown personally came and appeared through Pro-Se Representation before this Honorable Court with Application for Writ of Habeas Corpus, the under signed authority in and for the afore said Petitioner, who Acknowledged that he executed the above and foregoing Petition with request "In forma Pauperis" on the day 1-17-08, herein mentioned, that matters Sworn to and Subscribed this 17 day of Jan, 2008, declared under Title 28 US §1746; And Pro Se inmates Petition deemed filed delivered to Prison officials for mailing. Houston v. Lack 487 U.S. 266, 271-272 (1988), Rule 4(A)(1) of the Federal Rules of Appellate Procedure;

Corey Brown 185851
_____
Corey Brown    # 185851

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 12/04)

Page 16

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *Grant a New Trial within 60 days or release Petitioner. Per Habeas Corpus*

or any other relief to which petitioner may be entitled.

_____Pro Se: Cory Brown 185851_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __1-17-08__ (month, date, year).

Executed (signed) on __1-17-08__ (date). 28 U.S.C. § 1746.

_____Cory Brown 185851_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

_____

[insert appropriate court]

* * * * *

Corey Brown AIS #185851
Easterling Correctional Facility
200 Wallace Drive
Clio, AL 36017-2613

"Legal Mail"



Office of The Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711