IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| COREY BROWN, ) | |
| # 18581, ) | |
|  ) | |
| Petitioner, ) | |
|  ) | |
| v ) | Civil Action No.2:08cv48-MHT |
|  ) | (WO) |
| GWENDOLYN MOSELY, ) | |
| WARDEN, *et al.*, ) | |
|  ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by state inmate Corey Brown ("Brown") on January 17, 2008.[1] In his petition, Brown challenges his conviction for third-degree burglary entered against him in 2005 by the Circuit Court of Jefferson County, Alabama.

**DISCUSSION**

This court, "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's application for writ of habeas corpus to "the district court for the district within

---

[1] Although the petition was date-stamped "received" in this court on January 18, 2008, Brown signed the petition on January 17, 2008. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999). Absent evidence to the contrary in the form of prison logs or other records, this court must assume that the instant petition was delivered to prison authorities the day Brown signed it. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Therefore, the court construes January 17, 2008, as the date of filing.

which the State court was held which convicted" the petitioner. *See* 28 U.S.C. § 2241(d). Brown challenges a conviction entered against him by the Circuit Court for Jefferson County, Alabama. Jefferson County is located within the jurisdiction of the United States District Court for the Northern District of Alabama. In light of the foregoing, the court concludes that the transfer of this case to such other court for hearing and determination is appropriate.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **February 14, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

---

[2] A decision on Brown's application for *in forma pauperis* status (Doc. No. 2) is reserved for ruling by the United States District Court for the Northern District of Alabama.

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 1ST day of February, 2008.

/s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE